OPINION
 STATEMENT OF THE FACTS AND CASE
This is an appeal from a jury verdict rendered in the Common Pleas Court of Stark County, Ohio, to one count of possession of cocaine (R.C. § 2925.11(A)).
On March 23, 2001, two men became involved in a fight at the South Market Street Station Restaurant. The bartender, Anthony Drabick, broke up the altercation by grabbing one of the men, during which his jacket came off.
When the police arrived, a significant sum of cash and crack cocaine were found in the jacket.
There are two Assignments of Error raised by appellant:
 I. THE JURY VERDICT FINDING APPELLANT GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED AS A RESULT OF PROSECUTORIAL MISCONDUCT.
 I.
As to the First Assignment of Error regarding manifest weight of the evidence a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172. See also, Statev. Thompkins (1997), 78 Ohio St.3d 380. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Martin at 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
While it is true that minimal testimony was offered as to the jacket in question from the time that Anthony Drabick pulled it from appellant (T. at 136) until the police arrived, there was testimony that such witness saw it on the back of a chair a minute or two after he pulled it from appellant. (T. at 150). Officer Butterworth found it over a chair on arrival. (T. at 190).
Appellant's mother did not identify the jacket as belonging to her son (appellant) nor that he wore it on the night in question. This testimony is subject to the test of credibility by the jury.
Appellant's statements in his brief that appellant would not have left cocaine and a large amount of cash in his jacket for discovery by the police are assumptions as to conduct.
The jury could consider this possibility along with the fact that the bar employees were after appellant due to the broken window.
We find that sufficient, competent evidence was offered to support the verdict of the jury.
The First Assignment of Error is overruled.
 II.
The Second Assignment of Error as to violation of due process is based on the Prosecutor's statement in closing argument as to the meaning of Patricia Wells statements to the police as to the jacket ownership. (T. at 261).
Clearly, no testimony was elicited as to her statements to the police.
An objection was raised as to such incorrect argument and the trial court provided a limiting instruction to the jury. (T. at 261-262).
The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1990), 51 Ohio St.3d 160, cert.denied 112 L.Ed.2d 596; State v. Smith (1984), 14 Ohio St.3d 13.
In the case sub judice, sufficient testimony was present to the effect that appellant was wearing the jacket at the time he was restrained by Anthony Drabick, without the necessity of the mother's acknowledgment of its ownership by her son.
While the Prosecutor's statement was incorrect and could be viewed as inappropriate, it did not rise to the level of a prejudicial effect, particularly in light of the trial court's limiting instruction.
In viewing such misstatement in light of the entire trial we do not find that appellant was deprived of a fair trial nor that he was deprived of due process. Darden v. Wainwright (1986), 477 U.S. 168, State v.Apanovitch (1987), 33 Ohio St.3d 19.
Therefore, the Second Assignment of Error is not well taken.
The verdict in this cause is affirmed.
By BOGGINS, J. GWIN, P.J. and WISE, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Common Pleas Court, Stark County, Ohio is affirmed. Costs to Appellant.